## CIRCUIT COURT OF HENRICO COUNTY

Westhampton Memorial Park, Inc.

v.

County of Henrico et al.

September 10, 1987

Case No. 85-L-488

By JUDGE JOSEPH F. SPINELLA

The Court heard evidence in this case on February 26, 1987, and received a number of exhibits and has considered the memoranda and arguments of counsel. The question presented to the Court is whether or not the plaintiff is exempt from real estate taxes on property owned by it which, although dedicated for cemetery purposes, is not presently being used as a part of the cemetery. The history of the property appears to the Court to be as follows.

In 1954 Carlisle C. Butler and S. Philip Gopen purchased a tract of land located at the present northwest corner of Patterson Avenue and Gaskins Road. The tract originally was 84 acres; the construction of Route 6 reduced the tract to 77.59 acres for its dedication as a cemetery and memorial park. The financial structure of the cemetery required private funding through Butler, Gopen, and their associates. Specifically, Butler and Gopen organized a nonstock, nonprofit cemetery corporation known as Tuckahoe Cemetery Corporation. Then, Butler and Gopen conveyed the property to Tuckahoe in exchange for 12,000 landshare

certificates. These certificates provided that the holders were entitled to receive 30% of the sales price of each burial lot sold by the corporation but only if sufficient funds were first retained to operate the cemetery.

In 1955 a new corporation under the name of Westhampton Memorial Park of Richmond, Inc., was formed to own and operate the cemetery, and this corporation paid federal income taxes from 1960 through 1972. In 1973 the cemetery again reincorporated and became Westhampton Memorial Park, Inc. As Westhampton Memorial Park, Inc., the corporate structure included 12,000 shares of preferred stock at a par value of $125.00 each. These shares contained voting rights, partially cumulative dividends, liquidation rights, and retirement features.

In 1974 Westhampton Memorial Park transferred its assets and liabilities to Westhampton Memorial Park of Richmond, Inc., in exchange for 12,000 shares of its preferred stock and, thereafter, the Westhampton Memorial Park, Inc., was dissolved. The Westhampton Memorial Park of Richmond, Inc., then changed its name to Westhampton Memorial Park, Inc., the plaintiff in this case. The reincorporation or restructuring of Westhampton Memorial Park had three major purposes. The first and foremost purpose was to insulate the corporation from the payment of federal income taxes and gain federal income tax exemptions. The second and third purposes concerned compliance with the internal revenue code exemption checklist of mandatory elements of corporate structure in order to be considered a tax exempt corporation. Essentially, the structure of the tax exempt cemetery corporation consisted of fixed dividends on the preferred stock, one shares of common stock held in trust for the future landowners, the discretionary retirement of the preferred stock, and the establishment of a perpetual care trust fund for the cemetery.

At the time of the transfer of the property, the appraiser valued the property at $1.5 million with an average price per grave site of $240.00 to $300.00, projected for 61 years. The County had not assessed any real estate tax against Westhampton Memorial Park until 1984, at which time the County revoked the tax exempt status of Westhampton Memorial Park from the County's property tax. The County then assessed the unused portion of the

property which apparently would not be used for cemetery purposes within a reasonable time. The assessment was for $7,365.68 based on a valuation of $751,600.00.

Subsequently, the County retroactively assessed the same property for the years of 1982 through 1984. The plaintiff corporation has paid the 1985 and 1986 tax under protest, but has refused to pay the retroactive tax assessment for the years 1982 through 1984 totalling $11,627.70. As a result of this assessment, the plaintiff has filed this suit for the correction of an erroneous tax assessment, claiming that it is exempt from real estate taxes in the County of Henrico.

The first question to be addressed is whether or not the cemetery corporation was tax exempt from the County's real estate taxes from 1982 to the present. The question of the amount of tax due, if any, will be determined after the Court receives additional evidence as to the valuation of the property.

There can be no question that the corporation was wise in changing its organizational structure so as to become exempt from income taxes under federal law which in turn also made it exempt from income taxes under the statutes of Virginia. The question of whether or not the corporation did all that it had to do in order to gain income tax exemptions is not a question before the Court. It does not follow, however, that the plaintiff is exempt from real estate taxes simply because it is exempt from income taxes. It is undisputed that real estate used for cemetery purposes is not subject to County real estate taxes. The question here is whether or not the real estate which is not being used for cemetery purposes is exempt from real estate taxes simply because it is owned by a cemetery corporation. The fact that the corporation is organized as a nonprofit cemetery corporation does not in and of itself exempt the corporation from the payment of real estate taxes where it is quite clear that the corporation is distributing money in the form of dividends to its stockholders and where the real estate held by the corporation is not being used as burial ground. In this case the corporation was reorganized so that stock would be issued and dividends of 8% per annum, not to exceed $10.00 per share, per year, would be paid to the holders of preferred stock. This same issue was decided

by Judge Duff when he was sitting on the Circuit Court of Arlington County in the case of *Columbia Memorial Park Inc. v. County Board of Arlington.* Judge Duff held in that case:

> The key is what does the Cemetery do with the money. If it is used for cemetery purposes, then no violation of the Constitutional [sic] conditions occur. If, however, it is used for the benefit of private parties, particularly stockholders, then "profit" or "gain" has been realized and the exemption is jeopardized. In *San Gabriel Cemetery Assn. v. Los Angeles County,* 122 P.2d 330 (1942), the word profit was construed to mean "net earnings the benefit of which accrue directly or indirectly to the stockholders or members of the Association." Clearly, in my judgment, the Petitioner's earnings [on the interest free loan] accrued, at least indirectly to the benefit of Mr. Thomas for the years in question.

> The Court finds that, for purposes of determining the liability of the plaintiff for real estate taxes, the corporation pays dividends to its preferred stockholders not to exceed $10.00 per share; therefore, it cannot be considered as a nonprofit corporation. The Court is of the further opinion that the income tax exemption granted by the Internal Revenue Service does not automatically grant an exemption to the corporation for real estate taxes or tangible personal property taxes. In order for the plaintiff to be exempt from the payment of real estate taxes, it must show that it comes under one of the exemptions found in Va. Code § 58.1-3606 or § 58.1-3607 or Va. Const., art. X, § 6, and not under the Internal Revenue Code.
> Counsel for plaintiff will prepare the Order and then set a time for a hearing as to the value of the property in question.